**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

|  |  |
|---|---|
| KEVIN BACHHUBER, *on behalf of himself and others similarly situated*, | Case No. |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | <u>JURY TRIAL DEMANDED</u> |
| THE FUNDING CHANNEL LLC, | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

**I. <u>NATURE OF ACTION</u>**

1.      Telemarketing calls are intrusive. "A great many people object to these calls and messages, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer

receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…[P]rivate suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace."  *Krakauer,* 925 F.3d at 649-50 (4th Cir. 2019).

3.      The Funding Channel, LLC ("Defendant" or "Funding Channel") made telemarketing solicitations to residential telephone numbers, including Plaintiff's, that were listed on the National Do Not Call Registry.

4.      Plaintiff now files this lawsuit seeking injunctive relief, requiring Defendant to cease placing unsolicited solicitations to residential numbers on the National Do Not Call Registry, as well as an award of statutory damages and costs to Class members.

## II.  <u>JURISDICTION AND VENUE</u>

5.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6.      This Court has personal jurisdiction over Funding Channel because it regularly conducts business in this District, including making telemarketing solicitations into this District and soliciting business from this District.

7.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district, namely the telemarketing solicitations to the Plaintiff.

### III.  PARTIES

8.     Plaintiff is an individual located in this District.

9.     Defendant is a limited liability company engaged in the business of fund distribution, and the sale of financing products, and is headquartered in Brooklyn, Kings County, New York.

### IV.  TCPA BACKGROUND

10.     The TCPA prohibits making multiple telemarketing calls or messages to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

11.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those solicitations, or "on whose behalf" such solicitations are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

14.     The TCPA regulations apply to text message solicitations. *Reimer v. Kohl's, Inc.*, No. 23-CV-597-JPS, 2023 U.S. Dist. LEXIS 168078, at *10 (E.D. Wis. Sep. 21, 2023)

## V.  <u>FACTUAL ALLEGATIONS</u>

15.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16.    Plaintiff's telephone number, 608-345-XXXX, is a cellular telephone used exclusively for personal, residential, and household purposes.

17.    Plaintiff personally listed his telephone number, 608-345-XXXX, on the National Do-Not-Call Registry on March 17, 2012, and has not removed it from the Registry since that time.

18.    Plaintiff uses this telephone number for personal, residential, and household purposes.

19.    Plaintiff's telephone number is not associated with any business, nor does Plaintiff use the number for business purposes.

20.    Throughout the class period, Plaintiff's telephone number 608-345-XXXX was his exclusive residential telephone number; he did not maintain a landline telephone number.

21.    Plaintiff has been the sole owner of cellular telephone number 608-345-XXXX for approximately the last fourteen (14) years.

22.     Throughout Plaintiff's ownership of telephone number 608-345-XXXX, Plaintiff has been the sole remunerator of bills associated with its service.

23.    Plaintiff has never received reimbursement from any business for use of this number nor taken any tax deductions for any business-related uses of this number.

24.    From 2014 to 2016, while Plaintiff was associated with the business Big Cricket Farms, Plaintiff used a separate telephone number for business related calls.

25.    Similarly, between 2016 and 2024 during Plaintiff's association with the business Bachhuber Consulting LLC, Plaintiff used a separate telephone number, 608-512-0595, for business related calls.

4

26.    The website for Bachhuber Consulting, which is no longer in operation, displayed the number 608-512-0595, not Plaintiff's residential number 608-345-XXXX. Below is a screenshot from the Internet Archive displaying the "Contact" section of the website for Bachhuber Consulting:



27.    Similarly, Plaintiff's business cards listed Plaintiff's number as 608-512-0595, not 608-345-XXXX.

28.    In fact, if Plaintiff received a business-related call on his number 608-345-XXXX, Plaintiff would redirect the caller to his business number.

29.    Furthermore, Plaintiff's voicemail during the operation of Bachhuber Consulting played a voicemail message to the effect of the following: "You have reached the personal cell of Kevin Bachhuber. For business-related calls, please contact me at 608-512-0595."

30.    Plaintiff is not a customer of Defendant and has never consented to receive telephone solicitations from Defendant.

31.     Despite this, Plaintiff received multiple text messages from Defendant, sent from caller ID (242) 572-7186 and (815) 415-9102.

32.     The first text message Plaintiff received from Defendant from (242) 572-7186 was on September 4, 2025, and stated the following:

> *Hey, Mike here with TFC. Instead of going through middlemen, I can walk you through our direct programs work with clear terms. Best email to share? Y to opt out*

33.     In response, Plaintiff placed a single call to the number that had sent the text message in an effort to identify the sender, but the call connected only to a generic recording stating, "lines are temporarily busy, please try again later. 0106."

34.     Defendant then sent at least two additional text messages on October 24, 2025, from (242) 572-7186, which stated:

- *"I sent you an email application from TFC, please fill it out so we can get you the offer."*
- *"How much are you doing in monthly revenue?"*

35.     Plaintiff did not respond to any of these messages.

36.     Plaintiff received additional similar text messages from Defendant on November 14, 2025 and November 17, 2025 from (815) 415-9102 asking him to "lock in your options" and stating "let's get it wrapped up so I can secure the best terms for you."

37.     Additionally, on November 14, 2025, Defendant confirmed its identify by stating: "*I sent you an email from David@thefundingchannel.com, please fill it out so we can send over contracts.*"

38.     In response to the text messages Plaintiff received on November 17, 2025, Plaintiff texted, "Stop."

39.     The November texts, like the text messages sent in September and October, were initiated for purposes of marketing Defendant's financing and lending programs.

40.  Plaintiff and other individuals who received similar spam text messages suffered an invasion of privacy and were harassed by the conduct of Defendant.

## VI.  CLASS ACTION ALLEGATIONS

41.  Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

42.  Defendant and its employees or agents are excluded from the Class. Also excluded are any Judge who adjudicates this case, including their staff and immediate family; persons who properly execute and file a timely request for exclusion from the Class; persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; Plaintiffs' counsel and Defendant's counsel; and the legal representatives, successors, and assigns of any such excluded persons.  Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

43.  Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

44.  Members of the Class are so numerous that their individual joinder is impracticable.

45.  On information and belief, based on the technology used to call Plaintiff, which is used to make solicitations *en masse*, Members of the Class number in the thousands.

46.  The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

47.     Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

## Commonality

48.     Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

49.     Common legal and factual questions include, but are not limited to, whether Defendant  violated the Telephone Consumer Protection Act  and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

## Typicality

50.     The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales solicitations from Defendant without giving them his consent to receive such solicitations.

## Adequacy of Representation

51.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

52.     The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

## Superiority

53.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

54.     Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive

action to establish Defendant's liability.

55.     Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

56.     Individualized litigation also presents a potential for inconsistent or contradictory judgments.

57.     In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

58.     Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

<u>**COUNT I**</u>
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

59.     Plaintiff repeats and incorporates the allegations set forth above.

60.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing solicitations, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

61.     The Defendant's violations were negligent, willful, or knowing.

62.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

63.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing solicitations to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    Injunctive relief prohibiting Defendant from initiating telemarketing calls or text-message solicitations, except for emergency purposes, to numbers on the National Do Not Call Registry or using an automated dialer in the future;

B.    That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D.    Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

*[Counsel signature block to follow on next page.]*

RESPECTFULLY SUBMITTED AND DATED this 20th day of November, 2025.

/s/ Samuel J. Strauss
Samuel J. Strauss
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff*