**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

KEVIN BACHHUBER,                                 )
*on behalf of himself and*                        )        Civil Action No.: 3:25-cv-00959
*others similarly situated*,                       )
                                                 )
              Plaintiff,                          )
                                                 )
v.                                               )
                                                 )
THE FUNDING CHANNEL LLC,                         )
                                                 )
              Defendant.                          )
_____             )

**PLAINTIFF'S MOTION TO COMPEL RESPONSES**
**TO DISCOVERY INCLUDING THE PRODUCTION**
**OF CALLING DATA NECESSARY FOR CLASS CERTIFICATION AND TRIAL**

**INTRODUCTION**

Plaintiff moves under Rules 26 and 37 to compel complete responses central to Rule 23 and the merits including records of any telemarketing calls made. These materials are routinely compelled in TCPA class cases because they bear on numerosity, commonality, typicality, predominance and affirmative defenses at issue and should be produced.

**BACKGROUND AND MEET AND CONFER EFFORTS**

Plaintiff brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant initiated telemarketing calls promoting their services. Plaintiff alleges she had no relationship with Defendant and did not consent to receive telemarketing calls. See ECF No. 1, Complaint.

Consistent with Rule 26(f), Plaintiff served discovery seeking, among other things, call detail records and related data central to the claims and class certification issues in this TCPA

1

action. Defendant requested, and Plaintiff agreed to, a 30-day extension to respond to written discovery, extending the deadline to April 2, 2026.

Despite that extension, Defendant failed to serve timely responses. On April 4, 2026, after the deadline had passed, Plaintiff followed up requesting the overdue responses. Defendant did not provide the responses at that time and instead acknowledged delay due to scheduling issues, requesting additional time.

Plaintiff continued to pursue the overdue discovery and attempted to resolve the issue without court intervention. On April 7, 2026, Plaintiff again requested Defendant's availability to confer regarding the outstanding responses and noted that the responses remained untimely. Defendant indicated it would provide responses later that week but did not cure the delay in a timely or complete manner.

After reviewing Defendant's deficient and delayed responses, Plaintiff advised that it would move to compel if the deficiencies were not resolved. The parties then attempted to schedule a meet-and-confer call, exchanging availability on April 21–22, 2026. The parties conferred and the Defendant's counsel anticipated that they might seek leave to withdraw, but did not provide, the requested discovery or resolve the deficiencies identified by Plaintiff.

Throughout this process, Plaintiff acted in good faith to obtain the discovery without Court intervention, repeatedly following up, granting extensions, and attempting to confer. Defendant, however, failed to timely respond to discovery, failed to provide complete responses, and failed to resolve the issues despite multiple opportunities. As a result, Plaintiff is left with no choice but to seek relief from the Court.

The unanswered requests are attached as Exhibit 1. A declaration of Plaintiff's counsel attesting to the above is attached as Exhibit 2.

## LOCAL RULE 37.2 CERTIFICATION

Pursuant to Local Rule 37.2 and Federal Rule of Civil Procedure 37(a)(1), Plaintiff certifies that it has in good faith conferred and attempted to confer with Defendant in an effort to obtain the requested discovery without Court action. As set forth above, Plaintiff repeatedly followed up regarding Defendant's overdue responses, granted extensions, and participated in meet-and-confer discussions, including communications on April 4, April 7, and April 21–22, 2026. Despite these efforts, Defendant has failed to provide complete responses or resolve the deficiencies, necessitating the filing of this Motion.

## LEGAL STANDARD

Rule 26(b)(1) authorizes discovery of any nonprivileged matter relevant to a claim or defense and proportional to the needs of the case; generalized assertions of burden or privacy do not suffice. See *DR Distributors, LLC v. 21 Century Smoking, Inc.,* 513 F. Supp. 3d 839, 956–58 (N.D. Ill. 2021). In a TCPA case, consent is an affirmative defense that the caller must prove. *Blow v. Bijora, Inc.,* 855 F.3d 793, 803 (7th Cir. 2017). Indeed, in a TCPA case class discovery essential to Rule 23 may not be withheld while contesting certification. *Whiteamire Clinic, P.A. v. Quill Corp.,* No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013); *Ossola v. Am. Express Co.,* No. 13 C 4836, 2015 WL 5158712, at *7 (N.D. Ill. Sept. 3, 2015).

## ARGUMENT

I.      **The Defendant's Failure to Respond.**

As covered above, the responses have not been responded to. As such, other than privilege objections, the Court could determine that such objections be deemed to have waived any objections to the interrogatories and documents requests because of Defendant's failure to

3

respond. With respect to written interrogatories, Federal Rule of Civil Procedure 33(b)(4) provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity," and that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Regarding document requests, Federal Rule of Civil Procedure 34(b)(2)(C) provides that "[a]n objection to part of a request must specify the part and permit inspection of the rest." Generally, the failure to assert timely objections to document requests served pursuant to Rule 34 constitutes a waiver of those objections.

Defendant's failure to timely respond is not a technicality—it is a violation of the Federal Rules of Civil Procedure. Rules 33(b)(2) and 34(b)(2)(A) require that responses to interrogatories and requests for production be served within thirty (30) days of service unless otherwise stipulated. While Plaintiff agreed to extend that deadline as a courtesy, once the extended deadline passed, Defendant was obligated to serve complete responses or seek further relief from the Court. It did neither. Allowing a party to ignore deadlines, provide untimely responses, and then assert objections would undermine the orderly progression of discovery and prejudice the opposing party. Accordingly, Defendant's failure to comply with the governing deadlines further supports a finding of waiver and an order compelling full responses within 14 days from this Court's Order.

II.    **The Call Records Plaintiff seeks are highly relevant to contested elements of Rule 23 and Damages.**

The request at issue relate to records that reflect that outbound calls that were made to putative class members ("Call Records"):

16. Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors, including to the Plaintiff:
    a) the date and time;
    b) the caller ID;

c)  any stop request received;
d)  any recorded message used;
e)  the result;
f)  identifying information for the recipient; and
g)  any other information stored by the call detail records.

**RESPONSE:**

*See* Exhibit 1. The Call Records Plaintiff seeks are highly relevant to the numerosity, commonality, typicality, and predominance elements of Rule 23, the calculation of class-wide damages.

As an initial matter, where defendants contest elements of Rule 23 in proposed class actions under the TCPA, courts routinely require the production of information necessary to support those requirements. *See, e.g.*, *Cahill v. GC Servs. Ltd. P'ship*, No. 3:17-cv-01308-GPCMDD, 2018 WL 1791910, at \*4 (S.D. Cal. Apr. 16, 2018) ("The lists are reasonably calculated to identify the number of recipients of calls made during the class period, which is crucial to determine whether the class is so numerous to make joinder impracticable. The call lists are also relevant to the commonality requirement under Rule 23(a), for which plaintiff must show the class 'suffered the same injury ... such that the ... class claims will share common questions of law or fact" with those of the named plaintiffs.'"). Indeed, as Judge Schenkier previously held:

> Moreover, the information plaintiff seeks in the contested first and second requests for production is clearly relevant to class discovery; specifically, to the issues of numerosity, commonality, and typicality. As explained above, plaintiff proposes a class of persons who received faxed advertisements without a proper opt out notice, with whom Quill did not have an EBR, and from whom Quill did not have prior express permission or invitation to send such faxes (Compl. at ¶ 20). Plaintiff's requests seek, for example, copies of all faxed advertising documents, documents showing express permission or invitation to receive such faxes, and documents indicating an EBR with the recipients of the facsimiles.
>
> ***As we made clear to Quill in multiple court hearings, the Court cannot permit Quill on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified***.

*Whiteamire Clinic, P.A. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at \*3 (N.D. Ill. Sept. 24, 2013) (emphasis added); *see also Central Alarm Signal, Inc. v. Business Fin. Servs., Inc.*, No.

14-14166, 2016 WL 3595627, at *2 (E.D. Mich. July 5, 2016) (granting motion to compel in putative TCPA class action, in part, because "the Court cannot permit [Defendant] on the one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified.") (quoting *Whiteamire Clinic, P.A.*, 2013 WL 5348377, at *3); *Ossola v. Am. Express Co.*, No. 13 C 4836, 2015 WL 5158712, at *7 (N.D. Ill. Sept. 3, 2015) ("Call data is relevant, and thus produced as standard practice").

In the same vein, "[o]utbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable." *Thomas v. Fin. Corp. of Am.*, No. 3:19-CV-152-E, 2019 WL 5157022, at *1 (N.D. Tex. Oct. 10, 2019) (compelling the production of similar data sought here); *Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) ("The Court finds that outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable.").

Not surprising, then, is that courts across the country, including in this circuit, routinely compel TCPA class action defendants to provide analogous information relevant to the sizes of proposed classes. As the Northern District of Indiana has also explained:

> Courts in class-action TCPA cases have consistently held that information regarding plaintiffs and putative class members who were called by a defendant or by others on a defendant's behalf, such as outbound call lists and the number of calls made to those recipients are relevant to the numerosity and commonality requirements listed in Rule 23. . . . Although the requested information here is not precisely a call list, it does seek to quantify the number of calls and is therefore analogous to the outbound call lists that have been found relevant to the numerosity and commonality requirements. Thus, the requested text message-related information is relevant to class certification in a way that is analogous to the relevance of call logs in these other TCPA class actions. Moreover, text messages are analogous to phone calls in other TCPA cases such that the text data requested through ROGs 7–16 and RFPs 7–14, 17, 19, 34–35 is relevant to the Rule 23 numerosity and commonality requirements for class certification applicable in this case.

\*    \*    \*

As Digital has not shown the point at which the burden of producing this discovery outweighs its benefits, Digital has not met its burden and its undue burden objections are overruled.

For the foregoing reasons, Mr. Fralish is entitled to the class related data he seeks through Interrogatories 7–16 and RFPs 7–14, 17, 19, 34–35.

*Fralish v. Digital Media Sols., Inc.*, No. 3:21-cv-00045-JD-MGG, 2021 WL 5370104, at \*9-10

(N.D. Ind. Nov. 17, 2021) (compelling the production of class data in a putative TCPA class action)

(internal citations and quotations omitted); *accord Fralish v. Deliver Tech., LLC*, No. 3:20-CV-

00353-DRL-MGG, 2021 WL 3285528, at \*9 (N.D. Ind. Aug. 2, 2021) ("For the foregoing reasons,

Plaintiff is entitled to the class related data he seeks through RFPs 7-14 & 33, and ROGs 9-15.").

Late last year, the Southern District of Indiana addressed a similar issue when granting a

motion to compel calling data in a TCPA case:

> Defendant's arguments in its response to the motion to compel are, in large part, the same as those made in support of its motion to bifurcate. Those arguments—in essence, that Defendant should not be required to engage in what Defendant deems to be merits discovery before a class is certified—are rejected… the Court notes that no constitutional right to privacy would be implicated by Defendant producing the requested documents in this case. The non-parties may have a privacy interest in not having their private information disclosed, but given the "private information" at issue here—phone numbers and the fact that they received calls from Defendant—and the fact that the extent of the disclosure can be limited by the entry of a protective order, the Court, like the courts in both of the cases Defendant cites, finds that Plaintiff's right to conduct discovery in this case outweighs those particular privacy interests.

*Lewis v. Register.com, Inc.,* 2025 U.S. Dist. LEXIS 182245, \*14 (S.D. Ind. September 16, 2025).

Also analogous, a Court in the Eastern District of Pennsylvania has held in a TCPA case while

compelling the same data:

> Frey has shown that the outbound call list is relevant to class certification and to the merits of his claim. *See, e.g.*, *Gossett v. CMRE Fin. Servs.*, 142 F.Supp.3d 1083, 1087 (S.D. Cal. 2015) ("This court finds that the outbound call lists are relevant to the class claims and meritorious claims and defenses in this case and overrules [the

defendant's] objections to the requests."). The call records can be used to determine which calls were made to cell phone numbers, a fact that is relevant to the numerosity and typicality requirements of Rule 23(a). *See Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-cv-1540, 2015 WL 1138469 at *2 (S.D. Cal. March 13, 2015) ("The court finds that the outbound call list is reasonably calculated to identify the number and recipients of calls made during the class period, which is relevant to Rule 23 requirements."). (*See* Doc. No. 36 at p. 12 (defining the putative class as all individuals to whom Frontier or its vendor made a non-emergency telephone call "to a cellular telephone number or to a number where the recipient is charged for the call").) It is also relevant to the question of liability and damages under the TCPA. *See* 47 U.S.C. § 227(b)(1)(A)(3) (prohibiting calls "using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . ."); *id.* § 227(b)(3)(B) (creating a private right of action to recover "for actual monetary loss" caused by a violation of the TCPA or "to receive $500 in damages for each such violation").

EAG argues that Frey is not entitled to this personal identifying information pre-class certification, but, as discussed below, the Court did not bifurcate the discovery period in this matter. As such, Frey was required to seek discovery on both his individual claim and his class claim at the same time and could not wait until after the Court ruled on his motion for class certification to request this relevant information.

*Frey v. Frontier Utils. Ne. Llc*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620 *5-6 (E.D. Pa. Apr. 13, 2020). For the same reasons in *Frey*, that there is a single discovery period, the motion to compel should be granted here. As one court summarized when granting a motion to compel for the calling records in a TCPA case:

This information will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") and which calls were made using an automatic telephone dialing system ("ATDS"). The information is therefore relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23.

*See Mey v. Frontier Commc'ns Corp.*, No. 13-cv-01191-MPS, ECF No. 102 (D. Conn. Dec. 5, 2014).  Here, like *Mey*, the Plaintiff, or his expert, will determine which calls qualify for membership in the class in order to prepare this case for class certification. Because the sought-after Call Records are plainly relevant to contested elements of Rule 23, including numerosity,

8

this Court should compel their production. Because courts calculate damages under the TCPA based on the number of violations—in this case, the number of telemarketing calls delivered to class members during the class period—discovery is highly relevant to damages suffered by absent class members. For this additional reason, the Call Records Plaintiff seeks—which he will use to identify potential class members—are highly relevant and this Court should compel their production.

The proportionality factors also favor production. The discovery goes to the heart of class certification and damages. Classwide call records are distinct from Plaintiff-specific call records, and courts have made clear that discovery necessary to establish Rule 23 requirements must be produced even where defendants dispute certification.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter an Order:

1. Compelling Defendant to serve full and complete responses to Plaintiff's discovery requests, without objection (other than privilege), within fourteen (14) days of the Court's Order;

2. Deeming Defendant to have waived any objections to Plaintiff's discovery requests based on its failure to timely respond;

3. Awarding Plaintiff its reasonable expenses, including attorneys' fees, incurred in bringing this Motion pursuant to Federal Rule of Civil Procedure 37(a)(5); and

4. Granting such other and further relief as the Court deems just and proper.

Dated:  April 24, 2026                    */s/ Anthony I. Paronich*
                                          Anthony I. Paronich
                                          PARONICH LAW, P.C.
                                          350 Lincoln Street, Suite 2400
                                          Hingham, MA 02043
                                          Tel: (617) 485-0018
                                          Fax: (508) 318-8100
                                          anthony@paronichlaw.com

                                          *Counsel for Plaintiff and the proposed class*