**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| KEVIN BACHHUBER, | ) | |
| *on behalf of himself and* | ) | Civil Action No.: 3:25-cv-00959 |
| *others similarly situated*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE FUNDING CHANNEL LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S FIRST SET OF DISCOVERY**

**INSTRUCTIONS FOR INTERROGATORIES**

1.      Pursuant to Rule 33, submit your answers to the interrogatories herein in writing and under oath to the undersigned counsel within 30 days of the date of service on you. If any of these interrogatories cannot be answered in full, then you should answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion or portions. In answering these interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives or by any of your attorneys.  For each interrogatory, please identify all persons who provided information used in answering it.

2.      These interrogatories are continuing in nature.  In accordance with Rule 26, you are required to supplement your answers to the interrogatories when new or additional information becomes known to you.

## **INSTRUCTIONS FOR REQUESTS FOR PRODUCTION**

3.      Pursuant to Rule 34(b)(2)(B), on the date production is due, Defendant shall produce all the responsive documents or specify a reasonable date certain on which they will be produced.

4.      In accordance with Rule 34(b), you shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in this request.

5.      A draft and a final version are two distinct documents.

6.      If Defendant withholds the production of any responsive document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; the type and nature of the document; the date of the document; the author(s), the addressee(s), and recipient(s) of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

## **DEFINITIONS**

The following terms shall have the following meanings, even when not capitalized or bolded:

7.      **"Communication"** includes all forms of correspondence, including, but not limited to, letters, emails, voicemails, text messages, instant messages, or social media messages.

8.      "**Defendant**" means the defendant named in this lawsuit who is being served with these requests and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

9.      "**Describe**" means to identify and explain fully the characteristics, nature and substance of a given thing, action, communication or event, to set forth all details, physical properties and dimensions of a physical thing inquired about, and to specify all pertinent dates, locations, causes, purposes, effects and results of the thing, action, communication or event inquired about.

10.      "**Document**" means any writing as defined in Rule 34(a)(1)(A), however produced, reproduced, archived or stored, within your possession or subject to your control, of which you have knowledge or to which you now have or previously had access, including all ESI.

11.      "**Identify**" (when used in reference to a document) means to state the date of preparation of the document, its author, the sender (if any), the recipient (if any), the nature of the document (e.g., letter, memorandum or tape) and other means of identification sufficient to specify the document for purposes of a request for production, and to further state its present location and custodian. If any such document was, but no longer is, in your possession or custody or subject to your control, describe what disposition was made of it and give the name, address and telephone number of the person presently having possession, custody or control of the document.

12.      "**Identify**" (when used in reference to an natural person) means to state that person's full name, title, business address, telephone number, email address, occupation and

employer, along with a statement of whether that person is represented by your counsel in this litigation.

13.  "**Identify**" (when used in reference to an entity) means to state the entity's full name, address, telephone number, state of incorporation or organization and web address. Unless it otherwise appears from the context, a request for the identity of a person relates to all persons in the relevant classification or category, and the request for the identity of an entity includes all affiliated entities.

14.  "**Person**" means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

15.  "**Plaintiff**" means the Plaintiff in this lawsuit.

16.  "**Policy**" means any instruction, practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct that was or has been recognized, adopted, issued or followed by you—regardless of whether written or unwritten, formal or informal, recorded or unrecorded.

17.  "**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. § 227.

18.  "**Telemarketing**" means a telecommunication that could have generated or was intended to generate leads, customers or sales for you or any franchisee of yours within the United States. A communication is telemarketing even though it (1) had other, additional purposes (e.g., fulfillment of a partially completed transaction or verification of information); (2) was to a person who had consented to receive it; (3) was to a person who had a prior existing business relationship with you; (4) was not made by you; and/or (5) was not made for your exclusive or direct benefit.

19.     "**Third party**" means any natural person, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by you.

20.     "**Vendor**" means any third party under contract with, hired by, employed by, paid by or working for you, directly or indirectly, for purposes of telemarketing or phone-based activities or services, including, but not limited to, generating leads, warm transfers, hot transfers or any other call transfers, making outbound telemarketing calls, or tracking or aggregating data related to any of those activities, including, but not limited to, any co-defendant.

21.     "**You**" means the entity to which these requests are propounded and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

22.     All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at http://www.merriam-webster.com/

## RELEVANT TIME PERIOD

Unless otherwise indicated, these requests shall pertain to the time period starting four years before the filing of the original complaint in this case and continuing through the present and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received outside of that period.

## INTERROGATORIES

1.     Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER:**

2.      Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER:**

3.      Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ANSWER**:

4.      Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER:**

5.      Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER**:

6.    If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:**

7.    If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER:**

8.    Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:**

9.    Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:**

10.    State all facts in support of any affirmative defenses you have raised.

**ANSWER**:

11.    Identify and describe in detail the process by which you (or any vendor acting on your behalf) "scrubbed" telephone numbers against the National Do Not Call Registry during the

relevant time period. In your answer, identify all persons involved, the software or service provider(s) used, and the frequency of such scrubs.

**ANSWER**:

12.     Identify and describe all methods by which you claim to have obtained prior express written consent for outbound calls or texts made during the class period. In your answer, identify each vendor, lead generator, or affiliate involved and specify whether any records of such consent exist.

**ANSWER**:

13.     Identify each person or entity responsible for TCPA or Do Not Call Registry compliance during the relevant period, including their job titles, dates of service, and specific responsibilities.

**ANSWER**:

14.     Identify all governmental investigations, inquiries, or complaints received from the FCC, FTC, state attorneys general, or any other regulator concerning outbound telemarketing during the relevant time period.

**ANSWER**:

15.     Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly

unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER**:

## DOCUMENT REQUESTS

1.      Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:**

2.      Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:**

3.      Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE:**

4.      Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE:**

5.     Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:**

6.     All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

7.     All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

8.     All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

9. All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

10. All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

11. All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE:**

12. All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE:**

13. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:**

14.    Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:**

15.    Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a)  compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b)  obtaining or verifying prior express consent;

c)  complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:**

16.    Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors, including to the Plaintiff:

a)  the date and time;

b)  the caller ID;

c) any stop request received;

d) any recorded message used;

e) the result;

f) identifying information for the recipient; and

g) any other information stored by the call detail records.

**RESPONSE:**

17.     Produce all documents evidencing purported consent obtained for calls or texts made during the class period, including any lead generation forms, webforms or audit trails.

**RESPONSE:**

18.     Produce all documents, reports, or data files that reflect scrubbing of call lists against the National Do Not Call Registry during the relevant time period.

**RESPONSE:**

19.     Produce all communications with regulators (including the FCC, FTC, and state attorneys general) regarding telemarketing or Do Not Call compliance during the class period.

**RESPONSE:**

20.     All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:**

RESPECTFULLY SUBMITTED AND DATED this 24thday of April, 2026.

*s/ Anthony I. Paronich*_____

Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com