**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| KEVIN BACHHUBER, <br> *on behalf of himself and* <br> *others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> THE FUNDING CHANNEL LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.: 3:25-cv-00959 |

**PLAINTIFF OPPOSITION TO**
**MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT**

Plaintiff, Kevin Bachhuber files this Opposition to Motion to Withdraw as Counsel for Defendant The Funding Channel LLC ("Funding Channel"). The timing of this motion is problematic and strategic: Funding Channel filed an Answer in this case and attempted to seek resolution of the claim on an individual basis. Being a putative class action, the Plaintiff was only interested in information that would allow the parties to potentially resolve the case on a class wide basis and issue discovery on that basis.

Counsel for the Defendant sought (and received) several extensions to that discovery. Then, on the final extension, simply didn't respond. When the Plaintiff moved to compel, the Defendant's approach changed: it now intends to seek a strategic default. If it does not participate in discovery, it will never have to reveal the scope of its exposure.

In light of these circumstances, Plaintiff requests that the Court require Defendant, through a corporate representative, to appear at the upcoming status conference. Requiring Defendant to appear through a corporate representative will ensure that Defendant is aware of its obligations, will clarify whether Defendant intends to retain substitute counsel, and will allow the Court to

address any issues concerning Defendant's continued participation in this litigation. Without such a requirement, there is a substantial risk that Defendant may fail to participate while avoiding its discovery obligations, which would prejudice Plaintiff's ability to prosecute this action, particularly in light of the importance of Defendant's call records and related data in this TCPA case.

Indeed, recently another federal court in a TCPA case did exactly this in *Spoon v. NVA Financial Services, LLC*, Civil Action No. 26-cv-69, ECF No. 18 (E.D. Va. May 1, 2026):

> Upon consideration of the Motion, it is hereby ORDERED that the Motion to Continue is GRANTED; and it is further ORDERED that the hearing currently scheduled for May 1, 2026 on Defendants Motion to Withdraw as Counsel is rescheduled to May 5, 2026 at 10:00 a.m. in Courtroom 500; and it is further ORDERED that a corporate representative of Defendant NVA Financial Services, LLC shall appear at the hearing on May 5, 2026 at 10:00 a.m. Signed by Magistrate Judge William E. Fitzpatrick on 4/30/26.

Similar to this case, the defendant in *Spoon* began discovery and then, in an apparent strategic maneuver, decided to take a default prior to producing any class discovery. It appears that the Court intends to inquire of them their basis for doing so. The Plaintiff respectfully requests that the Court do the same here and would be willing to have all parties attend such a hearing in person.

### Legal Argument

Mr. Bachhuber does <u>not</u> oppose the Motion if Funding Channel intends to engage new counsel and have new counsel enter their appearance before this Motion is granted. However, "the ABA *Model Rules of Professional Conduct* provide that an attorney may withdraw from a case if 'good cause for withdrawal exists.'" *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) (citing *Model Rules of Professional Conduct*, Rule 1.16(b)(7)). Here, even assuming Funding Channel counsel can show good cause, withdrawal should be denied or strictly conditioned because it will materially prejudice that has occurred due to Funding Channel by failing to respond to discovery after multiple extensions, facing a pending

2

motion to compel, and the fact that they have not indicated that they intend to retain new counsel. *See Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) ("A lawyer engaged in strategic conduct may forfeit any right to withdraw."). Similarly, "prejudice to third parties--who might have more to lose than the unpaid lawyer--is another potential ground for denying a motion to withdraw." *Id.* Here, the outstanding discovery is directly a result of Funding Channel's rescheduling request and the Plaintiff should not be prejudiced just because Funding Channel has now stopped paying for their representation, as discussed below.

If Funding Channel does not intend to engage new counsel and defend the case, Funding Channel would effectively be submitting to a default judgment. *See Rowland v. Cal Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("save in a few aberrant cases . . . 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (citing *Rowland*); *Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Fed. R. Civ. P. 55.") (internal citations omitted); *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887 (Table), 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998) (finding that the district court did not abuse its discretion in entering a default judgment against defendant corporation for failure to retain local counsel and file a proper response.)

A default judgment, and lack of participation in this matter, may afford Funding Channel a strategic advantage. In a TCPA class action lawsuit, a defendant's call records and data about

3

the calling conduct are the <u>key</u> evidence necessary to determine whether a plaintiff can satisfy the requirement for class certification under Rule 23.  *See Starling v. KeyCity Capital, LLC*, No. 3:21-cv-818-S, 2022 U.S. Dist. LEXIS 11438 at *10 (N.D. Tex. Jan. 21, 2022) ("District courts . . . routinely permit precertification discovery of call lists and call data in TCPA class actions."); *Warren v. Credit Pros Intl Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 U.S. Dist. LEXIS 167728, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action 'entitled to some class-wide discovery' at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 U.S. Dist. LEXIS 186651, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank,* No. 3:16-cv-1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable.").  If current counsel withdraws and is not replaced and Funding Channel defaults and refuses to provide any call records or data (or identify any third parties having such relevant information), Mr. Bachhuber will be prejudiced by his inability to obtain the information required to move for certification – an outcome

4

favorable to, and likely desired by Funding Channel.

Courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues in TCPA cases. *See e.g. Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Here, if the Court is inclined to allow counsel to withdraw without the entry of replacement counsel, it will provide prejudice to Mr. Bachhuber and the members of the putative class.

The prejudice to Plaintiff is not hypothetical. It is already occurring — and it stems directly from Defendant's repeated inability to meet basic discovery obligations while simultaneously signaling potential withdrawal and lack of cooperation.

Thus, even if the Court is inclined to grant the Motion, Plaintiff respectfully requests that withdrawal be conditioned upon the appearance of substitute counsel, or at minimum, that withdrawal not become effective until Defendant satisfies its outstanding discovery obligations.

### **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Withdraw as Counsel absent the appearance of substitute counsel. In the alternative, Plaintiff requests that any withdrawal be strictly conditioned upon (1) Defendant's retention and appearance of new counsel within a time certain, (2) Defendant's full compliance with its outstanding discovery obligations, and (3) the appearance of a corporate representative at the upcoming status conference to address Defendant's intent to proceed in this matter. Such relief is

necessary to prevent further prejudice to Plaintiff and the putative class and to ensure the orderly administration of this case.


Dated:  May 2, 2026                                 By:  */s/ Anthony I. Paronich*
                                                             Anthony I. Paronich
                                                             Paronich Law, P.C.
                                                             350 Lincoln Street, Suite 2400
                                                             Hingham, MA 02043
                                                             (508) 221-1510
                                                             anthony@paronichlaw.com

                                                             *Attorney for Plaintiff*

6